**NOT FOR PUBLICATION**

**FILED**

MAY 22 2006

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RECEIVED
JUL 1 7 2006  7/13

CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

| | |
|---|---|
| MARK CHRYSON,<br><br>    Plaintiff - Appellant,<br><br>v.<br><br>JACK T. ESTOLL,<br><br>    Defendant - Appellee. | No. 05-35907<br><br>D.C. No. CV-05-00082-A-JKS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Alaska
James K. Singleton, Chief Judge, Presiding

Submitted May 15, 2006[**]

Before:  B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

Mark Chryson appeals pro se the from district court's judgment dismissing for lack of subject matter jurisdiction his action challenging the Internal Revenue Service's determination upholding the collection action of unpaid income taxes for tax year 1999. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de

---

    [*]    This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

novo, *Jerron West, Inc. v. Cal. State Bd. of Equalization*, 129 F.3d 1334, 1337 (9th Cir. 1997), and we affirm.

The district court properly dismissed Chryson's action for lack of subject matter jurisdiction because the Tax Court has exclusive jurisdiction over an action seeking judicial review of a tax levy determination involving income taxes. *See* 26 U.S.C. § 6330(d)(1) (providing the Tax Court with jurisdiction over an appeal from a tax levy determination when it has jurisdiction over the underlying tax liability); *see also* 26 C.F.R. § 601.102(b)(1)(i) (providing the Tax Court with jurisdiction over assessed but unpaid income taxes).

Chryson's remaining contentions are unpersuasive.

**AFFIRMED.**

```
A TRUE COPY         7/14/06
ATTEST
CATHY CATTERSON
Clerk of Court

by:_____
        Deputy Clerk

This certification does constitute the
mandate of the court.
```